UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

CASH FLOW FINANCIAL, LLC,

                     Plaintiff,

      -against-

JASON MICHAEL MEYER, M5 ENTERPRISES, LLC,
ANTHONY CAPPAZE, ROYAL SOVEREIGN GROUP, LLC,
KENNETH P. MORELLI, LAWRENCE DURBIN,
WORLDWIDE RESOURCES USA, LLC, SBC LENDING,
INC., GERALD DALE HENDRIX, M. HAROON RASHID,
3 HOOLIGANS INVESTMENT PROPERTIES LLC, and
FORTUNE FINANCIAL INVESTMENTS AND
CONSULTING, LLC d/b/a FORTUNE FIC, LLC

                     Defendants.

-------------------------------------------------------------------------x

: 

: 

09 CIV **5002**

:   COMPLAINT

: 

: 

:   HURLEY, J.

: 

: 

: 

:   BOYLE, M.J.

Plaintiff, Cash Flow Financial, LLC, by its attorney, Harry H. Wise, III, for its

complaint against defendants, alleges and shows:

<u>The Parties</u>

      1.     Plaintiff is a Limited Liability Company organized under the laws of the

State of Michigan, with its principal place of business in Michigan.

      2.     Upon information and belief, defendant Jason Michael Meyer is an

individual citizen of the State of Minnesota.

      3.     Upon information and belief, defendant M5 Enterprises, LLC is a limited

liability company organized under the laws of the State of Delaware with its principal

place of business in Minnesota.

1

3.      Upon information and belief, defendant Anthony Cappaze is an individual citizen of the state of New Jersey.

5.      Upon information and belief, defendant Royal Sovereign Group, LLC, is a Limited Liability Company organized under the laws of the State of Delaware with its principal place of business in New Jersey.

6.      Upon information and belief, defendant Kenneth P. Morelli is an individual citizen of the State of New York whose residence and place of business are located in the Eastern District of New York.

7.      Upon information and belief, defendant Lawrence Wayne Durbin is an individual citizen of the State of Florida.

8.      Upon information and belief, defendant Worldwide Resources USA, LLC is a Limited Liability Company organized under the laws of the State of Delaware with its principal place of business located in Houston, Texas.

9.      Upon information and belief, defendant SBC Lending, Inc. is a corporation organized under the laws of the State of Nevada with its principal place of business in the State of Florida.

10.      Upon information and belief, defendant Gerald Dale Hendrix is an individual citizen of the State of Texas.

11.      Upon information and belief, defendant M. Haroon Rashid is an individual citizen of the State of Texas.

12.      Upon information and belief, defendant 3 Hooligans Investment Properties, LLC, is a Limited Liability Company organized under the laws of the State of Minnesota with its principal place of business in Minnesota.

13.     Upon information and belief, defendant Fortune Financial Investments and Consulting, LLC, d/b/a Fortune FIC, LLC, is a limited liability company organized under the laws of the State of Minnesota with its principal place of business in Minnesota.

Jurisdiction and Venue

14.     This Court has subject-matter jurisdiction over this case by virtue of the diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332(a)(2), in that the matter in controversy exceeds $75,000.00 and is between citizens of different states, and by virtue of federal-question jurisdiction, pursuant to 28 U.S.C. § 1331, and Section 22(a) of the Securities Act, 15 U.S.C. § 77u(a), and Sections 21(e) and 27 of the Securities Exchange Act, 15 U.S.C. §§ 78u(e) and 78aa, in that plaintiff alleges violations of the securities laws of the United States and asserts claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1861 *et. seq.*

15.     In connection with the transactions, acts, practices and course of business described in this Complaint, the defendants, directly and indirectly, have made use of the means or instrumentalities of interstate commerce, of the mails, or of the means and instruments of transportation or communication in interstate commerce.

16.     Venue is proper in this district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(a) and (b), in that a substantial part of the events giving rise to the claim took place in this District, and a substantial part of the property that is the subject of this action is situated here.

3

Facts

17.     Defendant Jason Michael Meyers obtained $3.9 million from Plaintiff through fraud.  In doing so, he acted in a conspiracy with the other defendants, and acted on their behalf.

18.     Plaintiff was convinced by defendant Meyers to invest money in what Meyers said was an extremely profitable "trading program."  In convincing plaintiff to invest the money, Meyers made the following false statements of fact:

    --That there was a "trading program" that could earn large returns at little risk.

    --That plaintiff's funds would be "leveraged" to increase the return.

    --That plaintiff's funds would be converted to "US Treasuries"

    --That, as of June 25, 2009, plaintiff's investment had resulted in a "profit" of $1.1 million.

    --That, on or about July 8, 2009, plaintiff had missed a "big hit" in the market because of "trading restrictions."

    --That if plaintiff sent an additional $1.4 million on or about July 30, 2009 that it could be used to make money by "leveraging using bank credit lines."

19.     Each of the statements in the previous paragraph were false, in that there was no trading program that could earn large returns at little risk, that Meyers had no intention of leveraging plaintiff's funds, that Meyers knew plaintiff's funds would not be converted to "US Treasuries," that as of June 25, 2009 plaintiff had made no profits, that on or about July 8, 2009, plaintiff had not missed a big hit in any market because of trading restrictions, and that there was no way that plaintiff's additional $1.4 million would enable "leveraging using bank credit lines."

4

20.     Each of the statements in paragraph 9 were made by defendant Meyers either with actual knowledge of its falsity or reckless disregard as to whether it was true or false. The statements were material to plaintiff's sending the funds, and plaintiff was unaware of their falsity.

21.     In addition, defendant Lawrence Durbin fraudulently represented that funds received by him would be used in a profitable investment program based on extremely valuable historical Mexican bonds. This statement, made by defendant Durbin with knowledge of falsity or reckless disregard of its truth or falsity was false, in that there was no such investment program, and no extremely valuable historical Mexican bonds.

22.     In addition, defendant Anthony Cappaze fraudulently represented, on or about June 16, 2009, that funds received by him or his company, defendant Royal Sovereign Group, LLC, would be used for buying Zero Coupon Treasury Bills. This representation was fraudulent, upon information and belief, because Mr. Cappaze knew that the funds would not be used for buying Zero Coupon Treasury Bills, and he did not use the funds for that purpose.

23.     Defendants, acting in concert, distributed the funds obtained from plaintiff as follows:

--$500,000.00 was directed to defendant Anthony Cappaze, or a company controlled by him, Royal Sovereign Group, LLC. Mr. Cappaze has so far returned $200,000.00 of the money he received.

--$500,000.00 was directed to defendants Lawrence Durbin, SBC Lending, Inc., Worldwide Resources USA, LLC, Gerald D. Hendrix and M. Haroon Rashid.

--The rest was retained by defendant Meyers and his companies: M5 Enterprises, LLC, and 3 Hooligans Investment Propeties, Inc.  Defendant Meyers has thus far returned a total of $635,000.00.

24.     Upon information and belief, in these transactions, defendant Kenneth P. Morelli, Esq., a member of the bar, provided his escrow account to the other defendants and was instrumental in the distribution of the fraudulently obtained funds to the co-conspirators. Plaintiff has attempted to obtain from Mr. Morelli an accounting of what happened to the funds, but has been refused.

.        AS A FIRST CLAIM FOR RELIEF

25.     Paragraphs 1-24 are hereby realleged.

26.     Defendants, directly and indirectly, with scienter, by use of a means or instrumentality or interstate commerce or by use of the mails, have employed a device, scheme, or artifice to defraud; have made an untrue statement of material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or have engaged in an act, practice, or course of business which has been and is operating as a fraud or deceit upon the plaintiff as a purchaser or seller or securities.

27.     By reason of the foregoing, defendants have violated Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

28.     By virtue of the defendants' violation of the above provisions, plaintiff has been damaged in the amount of $3,065,000.00.

## AS A SECOND CLAIM FOR RELIEF

29.     Paragraphs 1-24 are hereby realleged.

30.     Defendants have, directly and indirectly, with scienter, in connection with the offer and sale of securities to plaintiff, employed a device, scheme, or artifice to defraud, and have obtained money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or engaged in transactions, practices, or courses of business that have been or are operating as a fraud and deceit upon plaintiff.

31.     By reason of the foregoing, defendants have violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

32.     By reason of the foregoing, plaintiff has been damaged in the amount of $3,065,000.00.

## AS A THIRD CLAIM FOR RELIEF

33.     Paragraphs 1-24 hereof are hereby realleged.

34.     As a result of the fraud of defendants, plaintiff has been damaged in the amount of $3,065,000.00.

35.     Upon information and belief, defendants have made similar fraudulent representations to others, as part of a fraudulent scheme aimed at the public in general.

36.     Plaintiff should therefore have judgment against defendants for punitive damages, in addition to its actual damages.

## AS A FOURTH CLAIM FOR RELIEF

37.     Paragraphs 1-24 hereof are hereby realleged.

38.     Plaintiff and defendants entered into a contract under which defendants agreed to invest plaintiff's funds pursuant to a trading program that would prevent risk to plaintiff's principal and provide substantial profits.

39.     Defendants breached the contract by failing to invest plaintiff's funds as agreed.

40.     Defendants' breach of contract has caused plaintiff to be damaged in an amount to be determined at trial.

AS A FIFTH CLAIM FOR RELIEF

41.     Paragraphs 1-24 hereof are hereby realleged.

42.     Defendants have converted plaintiff's funds, in the amount of $3,065,000.00, to their own use.

43.     As a result, plaintiff has been damaged in the amount of $3,065,000.00.

AS A SIXTH CLAIM FOR RELIEF

44.     Paragraphs 1-24 are hereby realleged.

45.     The fraudulent representations of defendants were made by telephone and other means and constituted violations of the federal wire-fraud statute, 18 U.S.C. § 1343.

46.     Upon information and belief, during the same time period, defendants were making similar fraudulent representations to others.

47.     Therefore, defendants, through the commissions of two or more acts constituting a pattern of racketeering activity, participated in an enterprise the activities of which affect interstate commerce.

48.     As a result of defendants' racketeering activities, plaintiff suffered damages in the amount of $3,065,000.00.

8

49.    Defendants are therefore liable to plaintiff in the amount of $3,065,000.00, trebled, for a total of $9,195,000.00, together with reasonable attorneys' fees, pursuant to 18 U.S.C. § 1962(c).

WHEREFORE, plaintiff respectfully demands judgment against defendants, jointly and severally:

on the First Claim for Relief, for damages in the amount of $3,065,000.00;

on the Second Claim for Relief, for damages in the amount of $3,065,000.00;

on the Third Claim for Relief, for actual damages in the amount of $3,065,000.00, and punitive damages in the amount of $5 million;

on the Fourth Claim for Relief, for damages in an amount to be determined at trial;

on the Fifth Claim for Relief, for damages in the amount of $3,065,000.00; and

on the Sixth Claim for Relief, for trebled damages in the amount of $9,195,000.00 and reasonable attorneys's fees;

<u>Jury Demand</u>

Plaintiff demands trial by jury.

Dated: New York, N.Y.
        November 11, 2009

HARRY H. WISE, III (HW6841)
*Attorney for Plaintiff*
250 West 57th Street, Suite 1316
New York, N.Y. 10107
(212) 810-2430, ex. 302
(212) 810-2427 (fax)
hwiselaw@aol.com